Eugene P. Ramirez, Esq. (SBN 134865)
Tony M. Sain, Esq. (SBN 251626)
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 South Figueroa Street
15th Floor at 801 Tower
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
epr@manningllp.com and tms@manningllp.com

Attorneys for Defendants, CITY OF COALINGA
and CHIEF CAL MINOR

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO JUAREZ, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF COALINGA, CHIEF CAL MINOR, CALIFORNIA HIGHWAY PATROL, CAPTAIN DANIEL MINOR, and DOES 1 through 10, Inclusive, <br><br> Defendants. | Case No.: <br> **1:11-CV-00733-LJO-SMS** <br> [*Hon. Lawrence J. O'Neill, District Judge; Hon. Sandra M. Snyder, Magistrate Judge*] <br><br> [*DISCOVERY MATTER*] <br><br> **STIPULATION OF THE PARTIES FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS; PROTECTIVE ORDER** <br><br> Complaint Filed: 02/10/2011 |

**TO THE HONORABLE COURT AND TO ALL PARTIES AND COUNSEL:**

IT IS HEREBY STIPULATED by and between the parties to this action, plaintiff ROBERTO JUAREZ ("Plaintiff"), defendants CITY OF COALINGA ("City") and CHIEF CAL MINOR (hereafter collectively as "City Defendants"), and defendants CALIFORNIA HIGHWAY PATROL ("CHP") and CAPTAIN DANIEL MINOR (hereafter collectively as "State Defendants"), by and through their respective counsel of record, and pursuant to the extent applicable to Federal Rules of Civil Procedure 5.2 and 26 and United States District Court, Eastern District of California Local Rules 141.1, 143, and 251, as follows:

# GOOD CAUSE STATEMENT.

1. The parties acknowledge that there are certain types of documents and records that may potentially be discoverable or relevant in this action but whose discovery may be complicated or prohibited by issues of confidentiality, intellectual property, work product protections, or various privileges: such documents potentially include but are not limited to police/peace officer personnel files, including Internal Affairs ("IA") investigation file documents, and comparable official government information; medical records for any natural person who is a party to this action; tax and/or financial records; and comparable records that one typically treats as confidential in the normal course of business or affairs.

2. In light of the foregoing, the parties further acknowledge that, absent a protective order to limit the use or publication of such documents, in order to preserve the parties' respective interests, the parties might otherwise withhold certain documents from production or disclosure, which can then result in costly discovery disputes potentially requiring Court intervention.

3. The parties further contend that: (1) absent a *Pitchess* motion and court order thereon (or comparable discovery order), police/peace officer personnel records – including internal affairs investigation files and related complaints, statements, and records – are deemed confidential and preserved from disclosure under California state law (*e.g.*, California Penal Code §§ 832.7 and 832.8; California Evidence Code §§ 1040, 1043, and 1045); and (2) police/peace officer personnel records are also deemed confidential by federal decisional law (*e.g.*, *Sanchez v. Santa Ana Police Department*, 936 F.2d 1027, 1033-1034 (9th Cir. 1990)).

4. The parties further contend that police/peace officer personnel files and internal affairs investigation files include information which is both personal in nature and which could potentially impact the liberty interests of the involved police/peace officers named within those files.

5.      The parties further contend that individual peace officers have an interest in protecting their own privacy rights relating to investigations and other information in their personnel files.  The parties further contend that investigations and information in peace officer personnel files affect peace officers' ability to remain employed, to transfer to other law enforcement agencies, and/or to become employed as law enforcement officers again in the future.

6.      Defendants further contend that unfettered release of internal affairs investigation files and/or peace officer personnel file records has the potential for untold negative results.

7.      Defendants contend that the CITY OF COALINGA Police Department (hereinafter as the "Police Department") and/or the CALIFORNIA HIGHWAY PATROL (hereinafter as the "CHP") has the responsibility for conducting internal affairs investigations and maintaining documents related to internal affairs investigations involving the applicable law enforcement agency's officers.  Internal affairs investigation files often become part of the subject peace officer's personnel file.

8.      Defendants contend that random and uncontrolled dissemination of internal affairs investigation files, in particular, could greatly harm peace officers who serve the citizens of the CITY OF COALINGA (hereafter "City") or who serve the State of California.  Plaintiffs disagree with these contentions and in no way concede to any of these arguments.

9.      Law enforcement agencies, including the Police Department and the CHP, do not routinely share information contained in internal affairs or other investigations about its employees, or other information contained in peace officer personnel or internal affairs files, unless ordered to do so by a court of jurisdiction. Within the Police Department and CHP, access to personnel and internal affairs files is restricted to those on a "need to know" basis.  Controlled access to the files is regarded by the Police Department and CHP as essential in order to assure the

integrity and security of such files.  Plaintiffs disagree with these contentions and in no way concede to any of these arguments.

10. Defendants contend that uncontrolled disclosure of information gathered during an Internal Affairs Division investigation, and internal affairs or police investigation case file information generally, can disrupt the vital, day-to-day operations of the Police Department or CHP, erode the integrity and security of the files, affect the morale of Police Department or CHP personnel, and frustrate the legitimate purposes of gathering the information in these files.  Plaintiffs disagree with these contentions and in no way concede to any of these arguments.

11. Defendants contend that information contained in an internal affairs investigation case file is gathered and maintained in confidence by the law enforcement agency that is the custodian of records of such files, including the Police Department and/or CHP.  The information gathered in these case files includes the statements of third party witnesses that were collected in confidence.  Witnesses are told that the confidentiality of their statements will be protected and that such statements are for the confidential use of the law enforcement agency that collected them.  These files often contain embarrassing facts.  At a minimum, defendants believe that uncontrolled release of such case files would cause a needless intrusion of privacy rights.  The ability to collect third party witness statements in confidence is essential in order to have honest and open discussions that advance legitimate law enforcement interests such as investigations of misconduct or of crimes.  Plaintiffs disagree with these contentions and in no way concede to any of these arguments.

12. Defendants contend that internal affairs investigation files are reviewed by appropriate command officers in the law enforcement agency that is the custodian of records of such files, including the Police Department and/or CHP, for several reasons, including: (1) to determine whether the involved officers violated any official or government/law enforcement agency policies or procedures; (2) to determine whether administrative discipline and/or retraining of the involved officers

is necessary; and (3) to ascertain if Police Department or CHP policies and procedures in areas such as supervision, training, and tactics should be modified. Defendants further contend that internal affairs investigation files are an essential instrument that the law enforcement agency that is the custodian of records of such files, including the Police Department and/or CHP, uses to conduct a careful, critical self-evaluation, so that it may better serve the citizens of the City or State, as applicable. Honest and candid analysis and discussion is necessary to determine whether errors were committed and to prevent further mistakes, if any are discovered. However, widespread dissemination of internal affairs files may discourage frank discussions about internal matters in the future and may prevent remedial measures. Plaintiffs disagree with these contentions and in no way concede to any of these arguments.

13. Defendants contend that the ability of the law enforcement agency that is the custodian of records of such internal affairs investigation files, including the Police Department and/or CHP, to engage in critical self-analysis will be greatly inhibited by random and uncontrolled release of information from internal affairs investigation files. It is not unusual that statements made to officers investigating internal affairs matters, such as allegations of officer misconduct, include those statements that are against the self-interest of the interviewed witnesses – often against the penal interests of those involved, as statements given could lead to criminal liability. Plaintiffs disagree with these contentions and in no way concede to any of these arguments.

14. Defendants further contend that peace officers do not have the same rights as the typical citizen when submitting to an internal affairs investigation interview. Though peace officers may invoke their Fifth Amendment right against self-incrimination, they are compelled under *Lybarger* to give a statement in order to remain employed. Investigators performing an internal affairs investigation inform officers that they must cooperate in the investigation and that a failure to cooperate

will subject them to discipline, up to and including discharge from office. California law authorizes this procedure and prevents statements so obtained from being used in any subsequent criminal proceeding. Defendants contend that it is contrary to the principles of fundamental fairness to allow unfettered release of internal affairs investigation case files when an officer's statement has been so compelled, especially when the plaintiff is not requesting this type of release. Additionally, unfettered exposure of information in internal affairs investigation files could threaten the safety and well-being of the individuals who provide such information, as well as the safety and well-being of their families and their associates. Plaintiffs disagree with these contentions and in no way concede to any of these arguments.

15. Defendants contend that the interest in having critical self-analysis held by the citizens of the City and State outweighs plaintiff's interest, if any, in an uncontrolled release. Plaintiff disagrees with these contentions and in no way concedes to any of these arguments. Plaintiff, through plaintiff's counsel, has executed this Stipulation and [Proposed] Protective Order, and is therefore not requesting this type of uncontrolled release.

16. Defendants further contend that though plaintiff may be entitled to examine the information in select peace officer files for the purposes of plaintiff's own personal lawsuit(s), there is no other valid reason to have a copy of a peace officer's personnel file, and defendants contend that a protective order is necessary to prevent random distribution of such information if and when disclosed for the reasons stated herein above. This Stipulation and [Proposed] Protective Order thus also requires each plaintiff to this action to return the documents produced at the conclusion of this lawsuit. Defendants believe this requirement ensures that the intrusion into the privacy, employment, and other rights of those involved is limited to the particular case in which the facts are relevant.

17. The parties further acknowledge that the aforementioned privilege and/or confidentiality interests in Confidential Documents, as applicable, are of such

significance that there is a particularized needs for their protection by Court Order, particularly in light of the fact that a mere agreement or stipulation between the parties cannot provide an adequate remedy at law for disclosure of Confidential Documents in that the aforementioned negative effects from disclosure cannot be adequately remedied by damages.

18.     The parties further acknowledge that, in the interest of judicial economy and economy to the parties, it is advisable to obtain a protective order that permits designation of specific subject documents and records *after* the entry of the protective order.

19.     Therefore, in light of the foregoing, the parties agree that certain types of Confidential Documents, records, and/or information should be the subject of a protective order by the Court.  Accordingly, the parties, by and through their attorneys of record in this action, hereby **stipulate that good cause exists for a protective order in this matter regarding Confidential Documents and/or information**, and the parties respectfully request the procedural protections listed herein below.

## STIPULATION AND PROTECTIVE ORDER.

20.     The parties, in the production or disclosure of documents, records, information, or tangible things in this case (hereafter"documents") may designate certain documents as "Confidential" (collectively herein as "Confidential Documents").  The types of documents which may be designated as Confidential Documents hereunder include but are not limited to peace officer personnel files and all records which are typically contained within or associated with such peace officer personnel files according to the regular practices of the law enforcement agency which is the custodian of such records, including but not limited to: internal affairs investigations and related interviews and reports; peace officer personal financial and asset information; peace officer medical records in the custody of the peace officer's law enforcement agency employer; records regarding peace officer discipline; law

enforcement agency employment investigations and related interviews and reports; interviews and reports related to personnel complaints by peace officers and/or citizen complaints against peace officers; and peace officer training records.

21.   This Stipulation and [Proposed] Protective Order also requires each party to this action to return the Confidential Documents produced to that party at the conclusion of this lawsuit, subject to certain exceptions specified *infra*: this requirement is intended to ensure that the use of Confidential Documents is limited to the particular case in which the facts or documents are relevant or at issue.  The parties further agree that this Stipulation and its terms and provisions, and any Order based thereon, is/are applicable only to the above entitled matter and may not be used in the proceedings of any other matter for the purpose of establishing good cause for a similar stipulation or protective order, nor as a basis for any contention that certain documents or records should or should not be produced in another matter.

22.   The mechanism by which parties may designate documents as Confidential Documents is either by marking the individual documents as being "Confidential"; or by enclosing, with the documents such party intends to be treated as Confidential Documents hereunder, written disclosures or discovery responses or correspondence identifying the enclosed documents as "Confidential"; or by enclosing a copy of this Stipulation and Protective Order with the documents such party intends to be treated as Confidential Documents hereunder.  The preferred method of designating documents as Confidential Documents is to employ all of the aforementioned means of designation, but such is not required hereunder.

23.   The parties agree that documents marked as "Confidential" shall be so marked in a manner that does not obstruct the substance of that document's text or record's content.  The parties further agree that no party shall be permitted to alter or copy a document or record designated as "Confidential" so as to make it appear that such copy of such document or record was not a Confidential Document subject to the terms of this Stipulation and Protective Order; the parties further agree that such

alteration or copying shall subject the party or counsel who engages in such action regarding such documents to sanctions, at the discretion of the Court. Nothing in this paragraph shall be construed so as to prohibit transparent "highlighting" of any Confidential Document for emphasis, provided that prior to filing any such "highlighted" document with the Court and/or prior to publishing such "highlighted" document to the finder of fact or jury in this matter, the party adding such "highlighting" emphasis informs the Court or the fact finder, as applicable, that the "highlighting" party has added such "highlighting" emphasis to the document at issue (i.e., that such "highlighting" was *not* on the original document).

24.     Hereafter, a party who has designated documents as Confidential Documents shall be referred to as the "producing-disclosing party [or counsel]" and the party to whom such documents are produced or disclosed shall be referred to as the "recipient party [or counsel]."

25.     Confidential Documents shall be used only in preparation for the above entitled action, up to and including the completion of judicial proceedings, as well as any appellate phase of this action, and not for any other purpose, including any other litigation or dispute, and may not be disclosed or disseminated to any other persons, including to any other counsel, other than as set forth in this Stipulation and Protective Order.

26.     In the event that a recipient party or counsel contends that any Confidential Documents were already in the possession of that recipient party, or that recipient counsel, prior to the date of this Stipulation and Protective Order, or prior to such documents' production in this matter by the producing-disclosing party, the recipient party or counsel shall have the burden of proving that any such documents were in fact already in the possession of the recipient party or that party's counsel prior to the date of this Stipulation and Protective Order, or prior to such documents' production in this matter.

///

27. The parties will attempt to resolve any issue regarding such disputed documents or records pursuant to Federal Rule of Civil Procedure 37(a)(1) before submitting any such dispute-issue to the Court.

28. Notwithstanding the foregoing, and despite any dispute as to whether any documents produced should be subject to the terms of the Stipulation and Protective Order due to prior possession, the parties will continue to treat the document(s) at issue as confidential and subject to this Stipulation and Protective Order until the Court rules upon the dispute or until the parties reach agreement on the issue, whichever comes first.

29. If, upon review of such a dispute, the Court determines that the disputed Confidential Documents were already in the possession of the recipient party or counsel prior to the date of this Stipulation and Protective Order, or prior to such documents' production in this matter (i.e., by the producing-disclosing party), those specific documents shall *not* be subject to paragraph 42's provisions on destruction of copies nor to paragraph 43's provisions on return of documents at the conclusion of litigation, nor shall the recipient party or counsel be prohibited from using those specific documents in other litigation: otherwise, the remaining provisions of this Stipulation and Protective Order shall continue to apply to such documents as Confidential Documents hereunder.

30. The recipient parties to the above entitled action, and/or their counsel, and/or their agents or the agents or employees of their counsel, shall secure and maintain the confidentiality of any and all Confidential Documents in their possession, and shall ensure that such Confidential Documents are used only for the purposes set forth in this Stipulation, and for no other purpose, and subject to the terms and provisions of this Stipulation and Protective Order.

31. Nothing in this Stipulation and Protective Order shall be construed as a waiver by any party of any right to object on any ground to the use in any proceeding, or to the admission into evidence, of any Confidential Documents.

Nothing in this Stipulation and Protective Order shall be construed so as to prevent the admission of Confidential Documents into evidence at the trial of this matter solely on the basis of the documents' designation as Confidential Documents.

32.     Nothing in this Stipulation and Protective Order shall be construed as a waiver by any party of any right it would otherwise have to object to disclosing or producing any information or documents on any ground not specifically addressed in this Stipulation and Protective Order, including but not limited to objections pursuant to the California Government Code; California Evidence Code; California Penal Code; the Official Records Privilege; the federal Official Information Privilege; the federal Executive Deliberative Process Privilege; the attorney-client privilege; the physician-patient privilege; the therapist-patient privilege; the attorney work product protection; the taxpayer privilege; the right to Privacy under the United States Constitution or the California Constitution; or any other applicable state or federal authority or other privilege against disclosure or production available under any provision of federal or California law.  Nothing in this Stipulation and Protective Order shall be construed as *requiring* the production or disclosure of documents or information that may be or have been designated as Confidential Documents hereunder.

33.     This Stipulation and Protective Order shall not be construed as a stipulation by any party that any privilege asserted by any party regarding Confidential Documents, whether produced or disclosed or not, is applicable or valid as to such documents; however, all parties, by and through their undersigned counsel, agree to abide by the terms of this Stipulation and Protective Order and to maintain such documents' confidentiality pursuant to the terms of this Stipulation and Protective Order.

34.     Disclosed Confidential Documents shall be in the sole custody of recipient counsel or recipient party to whom such documents are produced, who shall be prohibited from releasing or disseminating, to any other persons – including but

not limited to legal counsel – any or all such Confidential Documents, except as specifically delineated in this Stipulation and Protective Order.

35.   All those permitted by a recipient counsel or party to review any Confidential Documents must be informed of the terms of this Stipulation and Protective Order and must agree to abide by such Stipulation and Protective Order *before* the recipient party or counsel may produce or disclose such documents to such person(s).

36.   Confidential Documents may be disseminated, released, copied, shared, or otherwise reproduced by a recipient party or counsel only to the following persons:

(a)   undersigned counsel for any party to this action;

(b)   paralegal, stenographic, clerical and/or secretarial, and other personnel regularly employed by counsel referred to in paragraph (a);

(c)   court personnel, including stenographic reporters engaged in such proceedings, where such disclosure is necessary incident to preparation for the trial or other Court proceedings in the above entitled action;

(d)   any outside expert or consultant retained in connection with this action, and not otherwise employed by either of the parties – provided that such expert or consultant understands and agrees to abide by the terms of this Stipulation and Protective Order;

(e)   any "in-house" or outside experts designated by defendants to testify at trial in this matter; and/or

(f)   any party or witnesses to this action, provided that such party or witness understands and agrees to abide by the terms of this Stipulation and Protective Order.

37.   Confidential Documents may be submitted in all law and motion proceedings before the Court if done so under seal pursuant to Federal Rules of Civil Procedure 5.2 and 26 and/or United States District Court, <u>Eastern District of</u>

California Local Rule 141 as applicable and pursuant to the provisions of this paragraph. If any party attaches any Confidential Documents to any pleading, motion, or other paper to be filed, lodged, or otherwise submitted to the Court, that Confidential Document(s) shall be filed/lodged under seal pursuant to Federal Rules of Civil Procedure 5.2 and 26 and/or United States District Court, Eastern District of California Local Rule 141 to the extent applicable. However, this paragraph shall not be construed so as to prevent a producing-disclosing party or counsel from submitting, filing, lodging, or publishing any document it has previously designated as a Confidential Document without compliance with this paragraph's requirement to do so under seal (i.e., a producing-disclosing party or counsel may submit or publish its own Confidential Documents without being in violation of the terms of this Stipulation and Protective Order). Furthermore, a recipient party or counsel shall be exempted from the requirements of this paragraph as to any specifically identified Confidential Document(s) where the counsel for the producing-disclosing party of such specifically identified Confidential Document(s) serves an express, written waiver as to such specifically identified Confidential Document(s) prior to the submission or publication of the Confidential Document(s) at issue, either upon request by a recipient party or upon the producing-disclosing party's own initiative. Additionally, nothing in this paragraph shall be construed to bind the Court so as to limit or prevent the publication of any Confidential Documents to the jury or factfinder, at the time of trial of this matter, where the Court has deemed such Confidential Documents to be admissible into evidence.

38.   If, in connection with any deposition taken in this action, counsel questions a witness regarding materials subject to this Stipulation and Protective Order, or use(s) Confidential Documents as deposition exhibits, at the request of any opposing counsel or party, the portions of the transcripts of such deposition testimony wherein such materials are discussed, and the applicable attached exhibits, shall be designated as Confidential Documents and shall be subject to the provisions

of this Stipulation and Protective Order. However, only deposition exhibits that are designated as Confidential Documents shall be subject to the end-of-litigation return requirement of this Stipulation and Protective Order, *infra* (¶¶ 42-43); deposition transcripts shall <u>not</u> be subject to the aforementioned end-of-litigation return requirement of this Stipulation and Protective Order.

39.  This Stipulation and Protective Order is not intended, and shall not be construed, to prevent current officials or current employees of the City, or of any defendant(s), or other authorized government officials, from having access to any document(s) to which such officials or employees would have had access in the normal course of their job duties.

40.  Confidential Documents shall not be shown, produced, shared, copied to, published, or otherwise disseminated or produced to any person other than as specified in this Stipulation and Protective Order. All counsel in the above entitled action specifically agree not to cause or knowingly permit any disclosure or production of any Confidential Documents, or the contents thereof, except as permitted by the terms of this Stipulation and Protective Order.

41.  Confidential Documents shall not be shown, produced, shared, copied to, published, or otherwise disseminated or produced to any member of the press or news or entertainment media under any circumstances or at any time by any recipient party or counsel, or by their agent(s) or employee(s).

42.  Electronic copies of any Confidential Documents may be made by any recipient party or counsel but such copies, and their dissemination by any means or medium, shall also be subject to the terms of this Stipulation and Protective Order, and all such copies in the possession of any recipient party or counsel, or their agents, shall be destroyed or permanently deleted at the conclusion of the legal proceedings in the above entitled matter.

43.  At the conclusion-end of the legal proceedings in the above entitled matter, each person or entity – *except* court personnel – who has received any

Confidential Documents, or any copy thereof, and who is not the producing-disclosing party, shall return all such Confidential Documents to the producing-disclosing party's counsel within thirty (30) calendar days of the conclusion of such proceedings, or be subject to monetary or other sanctions at the Court's discretion. No recipient party or counsel may retain any Confidential Documents, or copies thereof, or permit any person or entity to whom the recipient party or counsel provided such document(s) to retain any Confidential Documents, after legal proceedings in the above entitled matter have concluded.

44.  Any restriction or obligation of this Stipulation and Protective Order that applies to any recipient party likewise applies to any recipient counsel, and vice versa.

45.  In the event that any party, person, or entity subject to the terms of this Stipulation and Protective Order violates the terms or provisions thereof, in a manner consistent with the requirements of Due Process and the applicable provisions governing motions for sanctions under federal law, including but not limited to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court, <u>Eastern District of California</u>, at the Court's discretion, the Court may impose sanctions against the party, person, or entity that the Court finds to have violated of the terms of this Stipulation and Protective Order.  However, nothing in this paragraph shall be construed so as to subject counsel for any party in the above entitled action to sanctions for any violation(s) of this Stipulation and Protective Order that are committed by other persons or entities – including but not limited to any agent or employee of any recipient party or counsel or any consultants or experts retained by any recipient party or counsel – provided that, in the event of a motion for sanctions for violation of the terms of this Stipulation and Protective Order, recipient counsel files a sworn declaration with this Court affirming that (a) the alleged violator was informed of all of the applicable terms and provisions of this Stipulation and Protective Order prior to being provided with any Confidential

Documents, as well as affirming that (b) the alleged violator agreed to abide by the applicable terms and provisions of this Stipulation and Protective Order prior to being provided with any Confidential Documents.

46. The provisions of this Stipulation and Protective Order shall be in effect until further Order of the Court or further written Stipulation by the parties by and through their attorneys of record in this action.

47. It is further agreed that this Stipulation may be signed in counterpart and that a facsimile or electronic signature will be as valid as an original signature.

**IT IS SO STIPULATED**.

Dated: June 24, 2011　　**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By: __/s/_ Tony M. Sain_____
　　Eugene P. Ramirez, Esq.
　　Tony M. Sain, Esq.

Attorneys for Defendants,
CITY OF COALINGA AND CHIEF CAL MINOR

Dated: June 24, 2011　　**LAW OFFICES OF DOUGLAS L. HURT**

By: __/s/_ Douglas L. Hurt_____
　　Douglas L. Hurt, Esq.
Attorneys for Plaintiff,
ROBERTO JUAREZ

Dated: June 24, 2011　　**OFFICE OF THE ATTORNEY GENERAL FOR THE STATE OF CALIFORNIA**

By: __/s/_ Jilly Scally_____
　　Jilly Scally, Deputy Attorney General
Attorneys for Defendants,
CALIFORNIA HIGHWAY PATROL AND CAPTAIN DAVID MINOR

## **ORDER**

PURSUANT TO THE STIPULATION OF THE PARTIES, and pursuant to the Court's inherent and statutory authority, including but not limited to the Court's authority under the applicable Federal Rules of Civil Procedure and the United States District Court, Eastern District of California Local Rules; after due consideration of all of the relevant pleadings, papers, and records in this action; and upon such other evidence or argument as was presented to the Court; Good Cause appearing therefor, and in furtherance of the interests of justice,

IT IS HEREBY ORDERED that:

1. All of the terms and conditions of the parties' Stipulation of the Parties for Entry of Protective Order re Confidential Documents ("Stipulation") as delineated and stated herein above (*e.g.*, section titled "Stipulation and Protective Order") shall be incorporated by reference here in this Order and shall be deemed binding pursuant to the terms of such Stipulation and by Order of this Court.

IT IS SO ORDERED.

**Dated:   June 24, 2011**                    /s/ Sandra M. Snyder
                                             UNITED STATES MAGISTRATE JUDGE