Eugene P. Ramirez, Esq. (SBN 134865
Tony M. Sain, Esq. (SBN 251626)
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 South Figueroa Street
15th Floor at 801 Tower
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
epr@manningllp.com and tms@manningllp.com

Attorneys for Defendants, CITY OF COALINGA
AND CHIEF CAL MINOR

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO JUAREZ,<br><br>                    Plaintiffs,<br><br>vs.<br><br>CITY OF COALINGA, CHIEF CAL MINOR, CALIFORNIA HIGHWAY PATROL, CAPTAIN DANIEL MINOR,  and DOES 1 through 10, Inclusive,<br><br>                    Defendants. | Case No.:<br>**1:11-CV-00733-LJO-SMS**<br>[*Hon. Lawrence J. O'Neill, District Judge; Hon. Sandra M. Snyder, Magistrate Judge*]<br><br>[*DISCOVERY MATTER*]<br><br>**STIPULATION OF THE PARTIES FOR ORDER FOR PRODUCTION OF PLAINTIFF'S PEACE OFFICER PERSONNEL FILE RECORDS TO COURT FOR *IN CAMERA* REVIEW AND DISCLOSURE TO DEFENDANTS OF RELEVANT DOCUMENTS; ORDER**<br><br>Complaint Filed: 02/10/2011<br>Trial Date: 10/01/2012 |

**TO THE HONORABLE COURT AND TO ALL PARTIES AND COUNSEL:**

IT IS HEREBY STIPULATED by and between the parties to this action,

plaintiff ROBERTO JUAREZ ("Plaintiff"), defendants CITY OF COALINGA

("City") and CHIEF CAL MINOR (hereafter collectively as "City Defendants"), and

defendants CALIFORNIA HIGHWAY PATROL ("CHP") and CAPTAIN DANIEL

MINOR (hereafter collectively as "State Defendants"), by and through their

respective counsel of record, and pursuant to the extent applicable to Federal Rules of Civil Procedure 5.2 and 26 and United States District Court, Eastern District of California Local Rules 141.1, 143, and 251, as follows:

### GOOD CAUSE STATEMENT.

1.      The parties are informed and believe that as of May 29, 2010 – the date of the incident at issue in plaintiff's complaint – plaintiff ROBERTO JUAREZ was a peace officer certified by the California Commission on Peace Officer Standards and Training ("POST").  Notwithstanding the foregoing, nothing in this paragraph shall be construed as a stipulated fact for purposes of any dispositive motions or at the time of trial of this matter.

2.      The parties are further informed and believe that as of the date of this Stipulation plaintiff ROBERTO JUAREZ is employed as a correctional officer at Pleasant Valley State Prison ("PVSP"), a correctional facility under the California Department of Corrections and Rehabilitation ("CDCR") and was so employed on the date of the incident.  Notwithstanding the foregoing, nothing in this paragraph shall be construed as a stipulated fact for purposes of any dispositive motions or at the time of trial of this matter.

3.      The parties acknowledge that there are certain types of documents and records that are potentially discoverable in this action but whose discovery may be complicated or prohibited by issues of confidentiality, intellectual property, work product protections, or various privileges: such documents potentially include but are not limited to police/peace officer personnel files, including Internal Affairs ("IA") investigation file documents, and comparable official government information; medical records for any natural person who is a party to this action; tax and/or financial records; and comparable records that a person typically treats as confidential in the normal course of business or affairs.

4.      The parties further contend that individual peace officers have an interest in protecting their own privacy rights relating to investigations and other

information in their peace officer personnel files.  The parties further contend that investigations and information in peace officer personnel files affect peace officers' ability to remain employed, to transfer to other law enforcement agencies, or to become employed as law enforcement/peace officers again in the future.

5.     The parties further contend that police/peace officer personnel files and internal affairs investigation files include information which is both personal in nature and which could potentially impact the liberty interests of the involved police/peace officers named within those files.

6.     The parties further contend that: (1) absent a *Pitchess* motion and court order thereon (or comparable discovery order), police/peace officer personnel records – including internal affairs investigation files and related complaints, statements, and records – are deemed confidential and preserved from disclosure under California state law (*e.g.*, California Penal Code §§ 832.7 and 832.8; California Evidence Code §§ 1040, 1043, and 1045); and (2) police/peace officer personnel records are also deemed confidential by federal decisional law (*e.g.*, *Sanchez v. Santa Ana Police Department*, 936 F.2d 1027, 1033-1034 (9th Cir. 1990)).

7.     The parties further contend that peace officer personnel file records, including the records of plaintiff, may potentially be protected from disclosure under certain circumstances pursuant to the California Government Code; California Evidence Code; California Penal Code; the Official Records Privilege; the federal Official Information Privilege; the federal Executive Deliberative Process Privilege; the attorney-client privilege; the physician-patient privilege; the therapist-patient privilege; the attorney work product protection; the taxpayer privilege; the right to Privacy under the United States Constitution or the California Constitution; or any other applicable state or federal authority or other privilege against disclosure or production available under any provision of federal or California law.  However, nothing in this paragraph shall be construed as a stipulation that any party to this

Stipulation has standing to assert such privilege(s), and nothing in this paragraph shall be construed as a stipulated fact for purposes of any dispositive motions or at the time of trial of this matter.

8.     The parties are further informed and believe that, pursuant to the some or all of the aforementioned potential protections from disclosure, the CDCR will not produce any peace officer personnel file records to any party absent a Court Order mandating such production, including the peace officer personnel file records of plaintiff that are reported to be in the CDCR's possession, custody, or control.

9.     The parties further contend that, under federal law, in many circumstances where a document or record is purported to be protected from disclosure on grounds of privilege, the court is authorized to review the records *in camera* in order to determine: (a) if the privilege(s) claimed apply/applies to the record(s) in question so as to bar their disclosure to the other party, and/or (b) if the record(s) in question are discoverable in that they contain relevant information and/or information reasonably calculated to lead to the discovery of admissible evidence in the case at issue.  *See, e.g.*, *United States v. Amlani*, 169 F.3d 1189, 1196 (9th Cir. 1999) (concluding that *in camera* review is the appropriate method to determine if records are protected from disclosure under the attorney-client privilege); *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 576-577 (9th Cir. 1992); *Lexington Ins. Co. v. Swanson*, 240 F.R.D. 662, 669 (W.D. Wash. 2007)(*in camera* review may be appropriate to determine whether documents contain attorney mental impressions absolutely preserved from disclosure under the attorney work product protection); *Maricopa Audubon Soc'y v. United States Forest Serv.*, 108 F.3d 1089, 1093-1095 (9th Cir. 1997) (where a party seeking production of records for which the  Executive Deliberative Process Privilege is asserted has met its threshold burden to show a specific need for the records sufficient to overcome the privilege, the court may review the records *in camera* to balance the interests against disclosure with the interests favoring disclosure and to identify which

specific documents are discoverable and must be disclosed to the party challenging the application of privilege and seeking disclosure); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-1034 (9th Cir. 1990) (discussing comparable *in camera* review procedure for assertions of the Official Information Privilege); *In re U.S. Dept. of Homeland Sec.*, 459 F.3d 565, 569-570, 569 n.1 (5th Cir. 2006) (ordering an *in camera* review of the documents at issue to determine the extent of the applicability of the law enforcement privilege to such records); *see also Soto v. City of Concord*, 162 F.R.D. 603, 613, 613 n. 4 (N.D. Cal. 1995) (regarding the criteria for disclosure where the Executive Deliberative Process Privilege or Official Information Privilege is asserted); *accord Kelly v. City of San Jose*, 114 F.R.D. 654, 668-671 (N.D. Cal. 1987); *cf.* Cal. Penal Code §§ 832.7, 832.8; Cal. Evid. Code §§ 1040, 1043, 1045; *People v. Mooc*, 26 Cal. 4th 1216, 1229 (2001); *Haggerty v. Superior Court*, 117 Cal. App. 4th 1079, 1086 (2004) (detailing the comparable *in camera* review process under California's *Pitchess* protections for peace officer personnel file discovery). However, nothing in this paragraph shall be construed as a stipulation that any party to this Stipulation has standing to assert any such privilege(s), and nothing in this paragraph shall be construed as a stipulated fact for purposes of any motions or at the time of trial of this matter.

10.     The parties further acknowledge that only records, documents, and information which contain discoverable information – namely information that is reasonably calculated to lead to the discovery of admissible evidence – are themselves discoverable. *See, e.g.*, Fed. R. Civ. P. 26(b)(1).

11.     The parties further acknowledge that regarding testimony and tangible items, including records and documents, under the Federal Rules of Evidence, "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. However, "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402.

K:\SMS\To_Be_Signed\11cv0733.stipo.Juarez.Peace Ofer Records.wpd

12.     The parties further acknowledge that, at present, among the central disputed factual issues of the instant action is whether, on May 29, 2010 – the date of the incident at issue – in the moments prior to any use of force upon plaintiff by any law enforcement officer(s) employed by the City Defendants or by the State Defendants, plaintiff was complying with police officer instructions and/or departing the incident scene as directed, or whether plaintiff was failing to comply with police officer instructions and/or moved in an aggressive or hostile fashion toward any of defendants' peace officers in such a way as to render the use of force upon plaintiff reasonable under the totality of the circumstances.  *See generally Graham v. Connor*, 490 U.S. 386, 396 (1989); Cal. Penal Code § 835a; *Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 1272-1273 (1998) (California torts of assault and battery apply the same *Graham* standard as in a federal excessive force claim when alleged against a peace officer); *accord Alejandro v. Williamson*, 2008 U.S. Dist. LEXIS 35417, *32-33 (E.D. Cal. 2008).  In light of the current state of the evidence discovered to date, plaintiff contends that any use of force upon him during the incident was unreasonable under the totality of the circumstances; defendants dispute this contention.

13.     The parties further acknowledge that a central disputed factual issue in any action is whether the percipient plaintiff is credible and/or has a character for truthfulness or its opposite.  *See, e.g.*, Fed. R. Evid. 405, 608(b); *United States v. Wales*, 977 F.2d 1323, 1326 (9th Cir. 1992).

14.     The parties further acknowledge that records or information in any of plaintiff's peace officer personnel files might be relevant to some of the central disputed factual issues in this case, and thus are potentially discoverable, where such records or information demonstrate or have any tendency in reason to indicate that plaintiff has a habit, custom, tendency, or history of violence, aggression, disobedience-insubordination, failure to follow instructions, and/or dishonesty or lack of credibility – or, alternatively, a habit, custom, tendency, or history of

-6-

peacefulness, collegiality, obedience, compliance with instructions, and/or honesty or credibility.  *See id*.  Plaintiff contends that, to the extent such information may be relevant or admissible, plaintiff does not have a habit, custom, tendency, or history of violence, aggression, disobedience-insubordination, failure to follow instructions, and/or dishonesty or lack of credibility.  Nothing in this Stipulation shall be construed as a waiver by any party to object to the admissibility of such evidence at the time or trial or in other proceedings before the Court.

15.     Nothing in this Stipulation shall be construed as a stipulation that the any of the foregoing issues are the only disputed factual issues in this action, or that the aforementioned issues are the most important factual issues in this action.  Other factual issues, such as plaintiff's damages, are also disputed between the parties pending further discovery.

16.     The parties further acknowledge that only discoverable records from plaintiff's peace officer personnel files should be produced to all parties (including defendants) in this action pursuant to this Stipulation; specifically, the parties agree that only records from plaintiff's peace officer personnel file(s) which contain information reasonably calculated to lead to the discovery of information that is relevant to the aforementioned central disputed factual issues of this action should be discoverable under this Stipulation.

17.     The parties are also informed and believe that the Court is likely to be better suited than any non-party entity to determine which records in plaintiff's peace officer personnel files are discoverable or relevant to this action and/or the central disputed factual issues therein.

18.     Therefore, in light of the foregoing, the parties hereby stipulate that **good cause exists** for the Court to Order that plaintiff's entire peace officer personnel file(s) be produced to the Court by the records' custodian(s) of records and that, after *in camera* review by the Court to determine which specific records are discoverable in this action in light of the aforementioned central factual issues, those

of plaintiff's peace officer personnel file records which the Court deems to be discoverable shall be produced to defendants and to all parties herein under the provisions of this Stipulation and its associated Order.

## STIPULATION AND ORDER FOR PRODUCTION AND REVIEW.

19.    Accordingly, in light of the foregoing, plaintiff, the City Defendants, and the State Defendants hereby stipulate to and respectfully request the Court to issue an Order as follows:

20.    Pleasant Valley State Prison ("PVSP") shall produce the entire peace officer personnel file and associated records (*see* ¶¶ 21-22, *infra*) in its possession, custody, or control regarding plaintiff ROBERTO JUAREZ to the Court for *in camera* review hearing by a date to be determined by the Court as stated in the Order *infra*.  The custodian of records for the PVSP shall bear such personnel file and associated records to the aforementioned *in camera* review hearing on the date and at the time stated in such Order.  Additionally, the term "peace officer personnel file and associated records" – and comparable terms in this Stipulation and any associated Order – is/are to be liberally construed so as to advance the purposes of discovery in this action.

21.    The Court shall then review the peace officer personnel file records for plaintiff ROBERTO JUAREZ *in camera* to determine and identify which specific records and documents are discoverable in light of the disputed factual issues in this action.

22.    Regarding those records and documents from plaintiff ROBERTO JUAREZ's personnel file, and associated records, which the Court reviews *in camera*, the Court shall Order the following types of records to be produced to all parties in this action: all records which have any tendency in reason to indicate that plaintiff has a habit, custom, tendency, or history of (a) inappropriate violence, inappropriate aggression, or use of excessive force; (b) disobedience-insubordination; (c) failure to follow instructions; and/or (d) dishonesty or lack of

credibility; or, alternatively, a habit, custom, tendency, or history of (e) peacefulness; (f) collegiality, obedience, or compliance with instructions; and/or (g) honesty or credibility.  The foregoing records shall include but shall not be limited to any reports, interviews, or related records regarding: (1) complaints or allegations or incidents of any use of force involving plaintiff, including but not limited to complaints or allegations or incidents of excessive force or inappropriately aggressive conduct involving plaintiff; (2) complaints or allegations or incidents of misrepresentation and/or false reporting involving plaintiff, particularly in reporting or during interviews or testimony by plaintiff; (3) complaints or allegations or incidents of insubordination or negligent or intentional failure to follow directives, policies, or instructions involving plaintiff; (4) commendations and/or favorable reports or records regarding restraint and/or avoidance of the use of force and/or peaceful resolution of potentially violent or dangerous situations involving plaintiff; (5) commendations and/or favorable reports or records regarding honesty, truthfulness, and/or candor of plaintiff, particularly in reporting or during interviews or testimony; (6) commendations and/or favorable reports or records regarding plaintiff's obedience or compliance with directives, policies, or instructions, particularly such records regarding plaintiff's positive contribution to a team environment; (7) discipline or promotion of plaintiff by the CDCR or PVSP for any reasons; (8) medical records of plaintiff related to any problems of substance abuse, psychological issues, or other medical conditions that may be related to any of the disputed factual issues in this case, including but not limited to any habit, custom, tendency, or history of violence, aggression, disobedience-insubordination, failure to follow instructions, and/or dishonesty or lack of credibility, or their opposites; and (9) comparable records that are reasonably calculated to lead to the discovery of admissible evidence in this action.

     23.    Regarding those specific records from plaintiff's personnel file which the Court orders to be discoverable and produced in this action, PVSP shall produce

legible copies of the documents so identified by the Court to all parties' counsel no later than 20 days after the *in camera* review by the Court.  Where the original documents are in color, the PVSP shall produce color copies if at all feasible.

24.    All of the aforementioned documents and records so produced pursuant to the Court's *in camera* review and Order for production-disclosure shall be subject to the terms of the operative Protective Order for Confidential Documents and associated stipulation [*see, e.g.*, Dkt. Doc. 11] as though plaintiff was the producing-disclosing party designating such records as "Confidential Documents" and as though defendants were the recipient party of such records.

25.    It is further agreed that this Stipulation may be signed in counterpart and that a facsimile or electronic signature will be as valid as an original signature.

**IT IS SO STIPULATED**.

Dated: July 6, 2011                      **MANNING & KASS**
                                         **ELLROD, RAMIREZ, TRESTER LLP**

                                              /s/ Tony M. Sain
                                         By: _____
                                              Eugene P. Ramirez, Esq.
                                              Tony M. Sain, Esq.
                                         Attorneys for Defendants,
                                         CITY OF COALINGA AND CHIEF
                                         CAL MINOR


Dated: July 6, 2011                      **LAW OFFICES OF DOUGLAS L. HURT**

                                              /s/ Douglas L. Hurt
                                         By: _____
                                              Douglas L. Hurt, Esq.
                                         Attorneys for Plaintiff,
                                         ROBERTO JUAREZ


Dated: July 6, 2011                      **OFFICE OF THE ATTORNEY GENERAL**
                                         **FOR THE STATE OF CALIFORNIA**

                                              /s/ Jilly Scally
                                         By: _____
                                              Jilly Scally, Deputy Attorney General
                                         Attorneys for Defendants,
                                         CALIFORNIA HIGHWAY PATROL AND
                                         CAPTAIN DAVID MINOR

K:\SMS\To_Be_Signed\11cv0733.stipo.Juarez.Peace Ofer Records.wpd

## ORDER

PURSUANT TO THE STIPULATION OF THE PARTIES, and pursuant to the Court's inherent and statutory authority, including but not limited to the Court's authority under the applicable Federal Rules of Civil Procedure and the United States District Court, Eastern District of California Local Rules; after due consideration of all of the relevant pleadings, papers,  records, and evidence in this action; Good Cause appearing therefor, and in furtherance of the interests of justice,

IT IS HEREBY ORDERED that:

1.      All of the terms and conditions of the parties' Stipulation of the Parties for Order for Production of Plaintiff's Peace Officer Personnel File Records to Court for *In Camera* Review and Disclosure to Defendants of Relevant Documents ("Stipulation") as delineated and stated herein above (*e.g.*, section titled "Stipulation and Order for Production and Review") shall be incorporated by reference here and shall be deemed binding pursuant to the terms of such Stipulation and by the Order of this Court.

2.      The custodian of records for the Pleasant Valley State Prison ("PVSP") of the California Department of Corrections and Rehabilitation ("CDCR") shall appear before this Court for an *in camera* review hearing on _____, 2011 at _____ _.m. at the following location:

_____.

3.      At such hearing, the PVSP custodian of records shall bear the entire peace officer personnel file and associated records for ROBERTO JUAREZ.

///

///

///

4.    The Court shall then review such records *in camera* and identify those specific documents and records from plaintiff's peace officer personnel file that are potentially relevant to this action, pursuant to the parties' Stipulation, which shall then be produced by the PVSP custodian of records to all parties' counsel within 20 days of such *in camera* review hearing.

IT IS SO ORDERED.

**Dated:    July 26, 2011**                    _____ **/s/ Sandra M. Snyder** _____
                                                                 UNITED STATES MAGISTRATE JUDGE