1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  ROBERTO JUAREZ,                        1:11-cv-00733-LJO-SMS

12                 Plaintiff,       **ORDER GRANTING EX PARTE
                                    MOTION TO EXTEND EXPERT
13  vs.                             DISCOVERY CUTOFF**
                                    (Doc. 31)
14  CITY OF COALINGA, CHIEF CAL
    MINOR, CALIFORNIA HIGHWAY
15  PATROL, CAPTAIN DANIEL MINOR,
    et al.,

16
                   Defendants.
17  _____/

18

19      GOOD CAUSE APPEARING, Plaintiff's ex parte motion to extend

20  the expert discovery cutoff from April 23, 2012 is **GRANTED** to and

21  through **July 6, 2012** *for purposes of taking/completing the*

22  *deposition of Plaintiff's expert Robert Feliciano* **only** (Doc 31).

23      All other deadline dates as set forth in the Scheduling

24  Conference Order filed on July 1, 2011 (Doc. 14) and/or those

25  amended by Judge O'Neill on October 27, 2011 (Doc. 29) remain in

26  full force and effect.[1]

27  _____

28      [1] However, the settlement conference date must and will be amended by separate minute order.

                                    1

1    Having read and reviewed Plaintiff's ex parte motion and

2  affidavit (Doc. 31), as well as Defendant City of Coalinga's and

3  Chief Cal Minor's notice of non-opposition to Plaintiff's *ex*

4  *parte* request for limited continuance of expert discovery for the

5  purpose of taking Plaintiff's expert Robert Feliciano's

6  deposition **only**, it is unfortunate and, indeed, frustrating that

7  both parties had to take up the Court's time with a matter that

8  could have been easily addressed in a telephonic conference call

9  as suggested and directed by the Scheduling Conference Order

10 (Doc. 14, page 11) as follows:

11      Regarding discovery disputes, no written discovery motions
        shall be filed without the prior approval of the assigned
12      Magistrate Judge. A party with a discovery dispute must
        first confer with the opposing party in a good faith effort
13      to resolve by agreement the issues in dispute. If that good
        faith effort is unsuccessful, the moving party shall then
14      seek a prompt hearing with the assigned Magistrate Judge by
        telephone or in person. If the hearing is to be conducted by
15      telephone, the Courtroom Deputy Clerk will inform counsel of
        the date and time of the hearing, and it shall be the
16      responsibility of the moving party to initiate the
        telephonic conference call to chambers. The recording of
17      telephonic hearings or conferences with the Court is
        prohibited, except with prior permission of the Court. The
18      request for a hearing with a judicial officer carries with
        it a professional representation by the attorney that a
19      conference has taken place and that s/he has made a good
        faith effort to resolve the dispute.
20

21      Inasmuch as both/all counsel involved in this lawsuit know

22 or certainly should have heard or learned by now that the Eastern

23 District of California has the highest weighted caseload per

24 district court judge in the United States, the reasons for this

25 directive in the Scheduling Conference Order is or should be

26 obvious.  And, since the undersigned is the magistrate judge who

27 scheduled this case with counsel on June 28, 2011, she is quite

28 positive she reminded nee admonished the attorneys during that

                                   2

1  conference that discovery disputes are to be addressed

2  informally, preferable telephonically, prior to the filing of any

3  written motions.  This obligation belongs with any and all

4  counsel regardless of who is seeking relief of court and/or who

5  is opposing such relief.  Therefore, both Attorneys Hurt and Sain

6  are responsible for this unnecessary expenditure of the Court's

7  time.

8      Further, Defendants' counsel's response to mis-statements by

9  Plaintiff's counsel, pages 6-11, including multi-page copies of

10 emails, was wholly unnecessary to the resolution of this

11 relatively minor discovery problem or disagreement.  Again, had

12 the Court been on the telephone with counsel, all of these

13 misunderstandings, misinterpretations or even shots-across-the-

14 bow could have been ironed out in a matter of a few minutes.

15 Attorneys disagree, miss-hear, misinterpret, or, sadly, are rude

16 to one another often.  Regardless, this was not such a monumental

17 disagreement nor characterization of substantive prevarication

18 that it warranted the Court's involvement in the testy email

19 chain of counsel.

20     Lastly, and most importantly, the courts are dedicated to

21 the resolutions of lawsuits on their merits.  When arbitrating a

22 discovery dispute such as that set forth here, the Court looks to

23 prejudice to other parties, to maintaining the progress and

24 rhythm of the discovery process, and to the obligation of

25 bringing the parties to resolution through settlement or by trial

26 in a timely manner.  Deposing one expert witness beyond the

27 expert discovery cut-off when it does not appear as though it

28 will jeopardize the summary judgment deadlines nor the pre-trial

1   and trial schedules prejudices no one, particularly when there

2   was, in essence, no opposition.

3

4

5   IT IS SO ORDERED.

6   **Dated:    April 18, 2012**                                    **/s/ Sandra M. Snyder**
                                                         UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28