UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO JUAREZ, | 1:11-cv-00733-LJO-SMS |
| Plaintiff, | **ORDER GRANTING EX PARTE MOTION TO EXTEND EXPERT DISCOVERY CUTOFF** |
| vs. | (Doc. 31) |
| CITY OF COALINGA, CHIEF CAL MINOR, CALIFORNIA HIGHWAY PATROL, CAPTAIN DANIEL MINOR, et al., | |
| Defendants. | |

GOOD CAUSE APPEARING, Plaintiff's ex parte motion to extend the expert discovery cutoff from April 23, 2012 is **GRANTED** to and through **July 6, 2012** *for purposes of taking/completing the deposition of Plaintiff's expert Robert Feliciano **only*** (Doc 31).

All other deadline dates as set forth in the Scheduling Conference Order filed on July 1, 2011 (Doc. 14) and/or those amended by Judge O'Neill on October 27, 2011 (Doc. 29) remain in full force and effect.[1]

---

[1] However, the settlement conference date must and will be amended by separate minute order.

1

1  Having read and reviewed Plaintiff's ex parte motion and
2 affidavit (Doc. 31), as well as Defendant City of Coalinga's and
3 Chief Cal Minor's notice of non-opposition to Plaintiff's *ex*
4 *parte* request for limited continuance of expert discovery for the
5 purpose of taking Plaintiff's expert Robert Feliciano's
6 deposition **only**, it is unfortunate and, indeed, frustrating that
7 both parties had to take up the Court's time with a matter that
8 could have been easily addressed in a telephonic conference call
9 as suggested and directed by the Scheduling Conference Order
10 (Doc. 14, page 11) as follows:

> Regarding discovery disputes, no written discovery motions shall be filed without the prior approval of the assigned Magistrate Judge. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, the moving party shall then seek a prompt hearing with the assigned Magistrate Judge by telephone or in person. If the hearing is to be conducted by telephone, the Courtroom Deputy Clerk will inform counsel of the date and time of the hearing, and it shall be the responsibility of the moving party to initiate the telephonic conference call to chambers. The recording of telephonic hearings or conferences with the Court is prohibited, except with prior permission of the Court. The request for a hearing with a judicial officer carries with it a professional representation by the attorney that a conference has taken place and that s/he has made a good faith effort to resolve the dispute.

21  Inasmuch as both/all counsel involved in this lawsuit know
22 or certainly should have heard or learned by now that the Eastern
23 District of California has the highest weighted caseload per
24 district court judge in the United States, the reasons for this
25 directive in the Scheduling Conference Order is or should be
26 obvious.  And, since the undersigned is the magistrate judge who
27 scheduled this case with counsel on June 28, 2011, she is quite
28 positive she reminded nee admonished the attorneys during that

1 conference that discovery disputes are to be addressed
2 informally, preferable telephonically, prior to the filing of any
3 written motions.  This obligation belongs with any and all
4 counsel regardless of who is seeking relief of court and/or who
5 is opposing such relief.  Therefore, both Attorneys Hurt and Sain
6 are responsible for this unnecessary expenditure of the Court's
7 time.
8     Further, Defendants' counsel's response to mis-statements by
9 Plaintiff's counsel, pages 6-11, including multi-page copies of
10 emails, was wholly unnecessary to the resolution of this
11 relatively minor discovery problem or disagreement.  Again, had
12 the Court been on the telephone with counsel, all of these
13 misunderstandings, misinterpretations or even shots-across-the-
14 bow could have been ironed out in a matter of a few minutes.
15 Attorneys disagree, miss-hear, misinterpret, or, sadly, are rude
16 to one another often.  Regardless, this was not such a monumental
17 disagreement nor characterization of substantive prevarication
18 that it warranted the Court's involvement in the testy email
19 chain of counsel.
20     Lastly, and most importantly, the courts are dedicated to
21 the resolutions of lawsuits on their merits.  When arbitrating a
22 discovery dispute such as that set forth here, the Court looks to
23 prejudice to other parties, to maintaining the progress and
24 rhythm of the discovery process, and to the obligation of
25 bringing the parties to resolution through settlement or by trial
26 in a timely manner.  Deposing one expert witness beyond the
27 expert discovery cut-off when it does not appear as though it
28 will jeopardize the summary judgment deadlines nor the pre-trial

3

and trial schedules prejudices no one, particularly when there was, in essence, no opposition.

IT IS SO ORDERED.

**Dated:   April 18, 2012**                              /s/ Sandra M. Snyder
                                                                        UNITED STATES MAGISTRATE JUDGE